## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

_____

XGEN, LLC,

        Plaintiff,

    v.

U.S CUSTOMS AND BORDER
PROTECTION; RODNEY S. SCOTT, in
his official capacity as Commissioner of
the U.S. Customs and Border Protection;
and the UNITED STATES,

        Defendants.

_____

Case No. 26-03510

## COMPLAINT

1.     Plaintiff, XGEN, LLC ("**XGEN**"), is a Pennsylvania-based importer of goods from other countries, including China.

2.     Pursuant to Executive Orders by President Trump asserting authority under the International Emergency Economic Powers Act ("**IEEPA**"), 50 U.S.C. §§ 1701 _et seq._, commencing February 4, 2025, the United States imposed upon importers an obligation to pay duties on goods imported from many countries, including China.

3. Consistent with said Executive Orders, corresponding amendments to the Harmonized Tariff Schedule of the United States ("**HTSUS**"), and guidance from U.S. Customs and Border Protection ("**CBP**"), Plaintiff has deposited IEEPA duties with CBP in relation to entries of merchandise for which it is the importer of record.

4. However, the United States Supreme Court has determined that IEEPA does not authorize the Executive Orders, amendments to HTSUS, or CBP'S collection of IEEPA duties. *See Learning Resources, Inc. v. Trump*, 607 U.S. 229 (U.S. 2026).

5. Plaintiff accordingly seeks an order from this Court granting the relief necessary to ensure that Plaintiff secures a refund of all IEEPA duties finally determined to have been imposed and collected unlawfully, as well as pre-judgment interest and post-judgment interest as provided by law.

## Parties

6. Plaintiff is a U.S. entity that imports goods from foreign countries, including China.

7. Defendant CBP is an entity within the United States Department of Homeland Security. CBP is the agency responsible for the collection of customs duties from importers and the final determination of duties, taxes, and fees an importer owns as a result of importation.

8.    Defendant Rodney S. Scott ("**Scott**") is the Commissioner of CBP and is the individual who will effectuate the relief sought in this action.

9.    Defendant United States ("**USA**") is the party that has received the IEEPA duties improperly collected.

## Jurisdiction and Standing

10.    The Court of International Trade has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i)(1)(B).

11.    Plaintiff is the importer of record of merchandise on which CBP collected the illegal IEEPA tariffs, causing Plaintiff to suffer injury for which it seeks redress. Plaintiff, therefore, has standing to bring this action.

## Timeliness

12.    An action under 28 U.S.C. § 1581 must be brought within two (2) years after the cause of action first accrues. 28 U.S.C. § 2636(i).

13.    The initial IEEPA tariffs covering products imported from Canada, Mexico, and China became effective and applied to goods imported on or after 12:01 a.m. EST on February 4, 2025.

14.    Plaintiff commenced this action within two (2) years of February 4, 2025, the earliest date on which the cause of action could have accrued, and is therefore timely.

## Relevant Facts and Law

15. While IEEPA authorizes the President to "investigate, block during the pendency of an investigation, regulate, direct and compel, nullify, void, prevent or prohibit ... importation or exportation," it excludes from that lengthy list any mention of tariffs or duties. *Learning Resources, Inc.*, 607 U.S. at 248.

16. The Supreme Court reasoned that had Congress intended to convey the distinct and extraordinary power to impose tariffs, it would have done so expressly—as it consistently has in other tariff statutes. *Id.* at 248-49.

17. Accordingly, the Court held that IEEPA "does not authorize the President to impose tariffs." *Id.* at 255.

18. However, beginning on February 4, 2025, the President did impose tariffs under the authority of IEEPA.

19. When goods enter the United States, CBP is responsible for assessing and collecting any tariffs on those goods, after confirming the HTSUS classification of the goods, according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

20. An importer of record will pay an estimated duty on the entry based on its customs declaration, which asserts a value, origin, and HTSUS classification for the goods. *See* 9 U.S.C. § 1484.

21.   CBP thereafter fixes the final appraisal of goods by confirming the final value, classification, duty rate, and final amount of duty for the imported goods. *See* 19 U.S.C. § 1500.

22.   "Liquidation" is the final computation of duties on entries for consumption or drawback entries. 19 C.F.R. § 159.1.

23.   Once the CBP "liquidates" an entry it notifies the importer of records as to whether they owe more or are due a refund. *See* 19 U.S.C. § 1504(b).

24.   Plaintiff, as an importer, was subject to and did pay said tariffs.

25.   Some of Plaintiffs entries since the imposition of the IEEPA tariffs have liquidated, and some have not.

26.   To date, Plaintiff has yet to receive a full refund of all tariffs illegally collected, including some that are in final liquidation status.

27.   28 U.S.C. § 2643(a)(1) allows this Court to "enter a money judgment for or against the United States in any civil action commenced under section 1581 … of this title." Subsection (c)(1) further provides for "any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments, orders of remand, injunctions, and writs of mandamus and prohibition."

28.   19 U.S.C. § 1505(c) requires that CBP refund interest on overpayments upon liquidation or reliquidation.

## Claims

29.    Plaintiff incorporates paragraphs 1 - 28 above.

30.    Plaintiff is the importer of record of goods, to wit: adult products, imported into the USA, and has deposited with CBP IEEPA duties that were illegally imposed and collected, causing harm to Plaintiff.

31.    Upon information and belief, some of the entries for which Plaintiff paid IEEPA duties have already been liquidated.

32.    Plaintiff is entitled to a refund of all such illegally imposed and collected tariffs, plus interest as provided by law.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court issue a judgment:

   a.  ordering Defendants to refund all illegal IEEPA tariffs Plaintiff has deposited to date and at any future point with interest as provided by law, with interest as provided by law;

   b.  Awarding reasonable attorneys' fees and costs; and

   c.  Providing such other relief as the Court deems proper and necessary.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Respectfully submitted, August 6, 2026.

*/s/Katherine E. Arnholt, Esq.*
Katherine E. Arnholt, Esq.
Fla. Bar No. 43211
**Beighley, Myrick + Udell, P.A.**
2601 S. Bayshore Drive
Suite 770
Miami, FL 33133
(305)349-3930
karnholt@bmulaw.com
notice66@bmulaw.com

## CERTIFICATE OF SERVICE

*XGEN, LLC v. United States Customs and Border Protection et al*

**CIT Case No. 26-03510**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on August 6, 2026, I served a copy of the Summons, Class Action Complaint, Form 5, Form 11s, and Form 13 by certified mail, return receipt requested, upon the following:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza New York, NY 10278

Attorney-In-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW Washington, DC 20530

*/s/Katherine E. Arnholt, Esq.*
Katherine E. Arnholt, Esq.
